UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

---

BRANDON D. SHERR, individually and on behalf of others similarly situated,

                Plaintiff,

                –against–

BOARD OF ELECTIONS IN THE CITY OF NEW YORK,

                Defendant.

23 CV 8693

## COMPLAINT

1. The plaintiff, in behalf of other similarly situated current and former employees of the defendant who consent to become party plaintiffs, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), alleges that the Board of Elections in the City of New York violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the Board of Elections in the City of New York is liable to the plaintiff and party plaintiffs for unpaid or underpaid overtime compensation and such other relief available by law.

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon the Court by the Fair Labor Standards Act, 29 U.S.C. § 216(b), and further by 28 U.S.C. §§ 1331 and 1337.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391. The parties reside where set forth herein. A substantial part of the events or omissions giving rise to the claims alleged herein occurred in the judicial district of this Court.

## PARTIES

4. The plaintiff is and was at all relevant times an adult residing in New York County, New York.

5. The Board of Elections in the City of New York is a government instrumentality established pursuant to the New York State Election Law, section 3-200, with its office at 32 Broadway, New York, New York.

## COLLECTIVE ACTION ALLEGATIONS

6. Pursuant to 29 U.S.C. § 216(b), the plaintiff commences this action as a collective action in behalf of all similarly situated current and former employees of the Board of Elections in the City of New York employed as pollworkers and paid on an hourly basis at any time since three years before the date of this complaint to the entry of judgment in this action who consent to become party plaintiffs.

7. The plaintiff and the putative party plaintiffs have had substantially similar jobs and compensation and have been subject to the common policies and practices of the Board of Elections in the City of New York of willfully violating the Fair Labor Standards Act as set forth in this complaint. The claims of the plaintiff stated herein are similar to those of the putative party plaintiffs.

## STATEMENT OF FACTS

8. The Board of Elections in the City of New York employed the plaintiff from October through November 2020 and employed the party plaintiffs at similar times proximate to elections.

9. The Board of Elections in the City of New York employed the plaintiff and party plaintiffs as poll workers performing preliminary and postliminary elections work with specific

duties consisting of answering inquiries from voter registrants, absentee voters, and other members of the public; providing forms, providing verbal instructions, and assisting in the completion of forms to the same; receiving and timestamping forms and mail; monitoring the absentee ballot drop box; managing the visitor queue; sorting, counting, and dating returned mail; sorting and dating returned absentee ballots; searching for and retrieving absentee ballots of voters who voted by another process for further processing; assembling and filling archive boxes; completing payroll records by summing hours and calculating gross pay; filing payroll records; filing training class attendance records; filing training class exam results; making telephone calls to poll site coordinators concerning paperwork; scanning poll site coordinator paperwork; verifying ballot counts and clerical markings on remade ballots, and making voting machine test decks.

10. The plaintiff and party plaintiffs worked for the Board of Elections in the City of New York approximately 45-60 hours per week.

11. The Board of Elections in the City of New York paid the plaintiff and party plaintiffs $22.00 per hour.

12. The plaintiff and party plaintiffs worked more than forty hours each workweek, yet the Board of Elections in the City of New York willfully failed to pay the plaintiff and party plaintiffs overtime compensation of one and one-half times their regular rate of pay.

**FIRST CAUSE OF ACTION:**
**FAIR LABOR STANDARDS ACT**

13. The plaintiff, on behalf of himself and the party plaintiffs, realleges and incorporates by reference paragraphs 1 through 12 as if they were set forth again herein.

14. At all relevant times, the Board of Elections in the City of New York, an employer and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d), (r)(2)(C), and (s)(1)(C), employed

the plaintiff and party plaintiffs, employees, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(e)(2)(C).

15. The Board of Elections in the City of New York in many workweeks willfully and repeatedly violated (and are violating) the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay the plaintiff and party plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed more than forty hours in a workweek.

16. By 29 U.S.C. § 216(b), the Board of Elections in the City of New York is liable to the plaintiff and party plaintiffs for unpaid or underpaid overtime compensation.

17. The foregoing conduct, as alleged, constitutes a willful violation of the Fair Labor Standards Act, within the meaning of the Portal-to-Portal Act, 29 U.S.C. § 255(a).

18. The plaintiff and party plaintiffs are further entitled to recover of the Board of Elections in the City of New York an equal amount as liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION:
## DECLARATORY RELIEF

19. The plaintiff realleges and incorporates by reference paragraphs 1 through 18 as if they were set forth again herein.

20. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, and Rule 57 of the Federal Rules of Civil Procedure, the plaintiff may obtain declaratory relief.

21. The Board of Elections in the City of New York violated the Fair Labor Standards Act.

22. It is in the public interest to have these declarations of rights recorded.

23. A declaratory judgment serves the useful purpose of clarifying and settling the legal issues in this action.

24. A declaratory judgment would terminate and afford relief from uncertainty, insecurity, and controversy giving rise to this action.

## PRAYER FOR RELIEF

The plaintiff demands:

a. designation of this action as a collective action in behalf of the party plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated putative party plaintiffs, apprising them of the pendency of this action, permitting them to assert timely claims under the Fair Labor Standards Act in this action by filing individual consents to become party plaintiffs pursuant to 29 U.S.C. § 216(b) and appointing the plaintiff and the plaintiff's attorneys to represent the party plaintiffs;

b. a declaratory judgment that the practices complained of herein are unlawful under the Fair Labor Standards Act;

c. an award of unpaid or underpaid overtime compensation due under the Fair Labor Standards Act;

d. an award of liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b);

e. if liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

f. an award of postjudgment interest pursuant to 28 U.S.C. § 1961;

g. an award of the attorney's fees and costs pursuant to 29 U.S.C. § 216(b); and

h. such other and further relief as this Court deems just and proper.

|  |  |
|---|---|
|  | Law Office of Justin A. Zeller, P.C. |
|  | By: _____ |
|  | Justin A. Zeller |
|  | jazeller@zellerlegal.com |
|  | 277 Broadway, Suite 408 |
|  | New York, N.Y. 10007-2036 |
|  | Telephone: (212) 229-2249 |
| Dated: New York, New York | Facsimile: (212) 229-2246 |
| October 3, 2023 | *Attorney for plaintiff* |