```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/10/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Brandon D. Sherr,

                                Plaintiff,

-against-

Board of Elections in the City of New York,

                                Defendant.

1:23-cv-08693 (JLR) (SDA)

REPORT AND RECOMMENDATION

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

**TO THE HONORABLE JENNIFER L. ROCHON, UNITED STATES DISTRICT JUDGE:**

Plaintiff Brandon Sherr ("Plaintiff" or "Sherr") brings this action alleging that defendant Board of Elections in the City of New York ("Defendant" or "BOE") failed to pay Plaintiff overtime at a rate of time and a half of his regular rate in violation the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. (*See* Compl., ECF No. 1.) Presently before the Court is a motion by Defendant, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Complaint for failure to state a claim. (Def.'s Mot., ECF No. 21.) For the reasons set forth below, I respectfully recommend that Defendant's motion be granted on statute of limitations grounds and that Plaintiff be granted leave to amend.

**BACKGROUND[1]**

Plaintiff was employed by the BOE as a poll worker from October through November 2020. (Compl. ¶¶ 8-9.) Plaintiff worked approximately 45 to 60 hours each week. (*Id*. ¶ 10.) The

---

[1] For purposes of the pending motion to dismiss, the Court accepts Plaintiff's allegations as true and draws all reasonable inferences in his favor. *See City of Providence v. BATS Glob. Mkts., Inc.*, 878 F.3d 36, 50 (2d Cir. 2017).

BOE paid Plaintiff $22.00 per hour, but "willfully failed to pay" Plaintiff "overtime compensation of one and one-half times [his] regular rate of pay." (*Id*. ¶¶ 11-12.)

On October 3, 2023, Plaintiff filed his Complaint. (*See* Compl.) On December 15, 2023, Defendant filed its motion to dismiss that currently is before the Court. (*See* Def.'s Mot.) On January 17, 2024, Plaintiff filed his opposition memorandum and, on January 31, 2024, Defendant filed its reply. (*See* Pls.' Opp. Mem., ECF No. 30; Def.'s Reply, ECF No. 33.)

## **LEGAL STANDARDS FOR MOTION TO DISMISS**

A defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In deciding a motion to dismiss, the Court "must accept as true all of the factual allegations contained in a complaint[,]" but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Although Rule 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted). "[T]he court's task is to assess the legal feasibility

of the complaint; it is not to assess the weight of the evidence that might be offered on either side[.]" *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020).

## DISCUSSION

Defendant argues that Plaintiff's FLSA overtime claim should be dismissed because Plaintiff fails to allege FLSA overtime violations with the requisite specificity. (Def.'s Mem., ECF No. 22, at 3-6.) In addition, Defendant argues that Plaintiff has failed to plausibly allege willfulness and, therefore, his claim is time barred. (*See id*. at 6-7.) The Court addresses each of these arguments in turn.

I. **Plaintiff's Overtime Claim**

Section 207(a)(1) of FLSA provides, in relevant part, "that, 'for a workweek longer than forty hours,' an employee who works 'in excess of' forty hours shall be compensated for that excess work 'at a rate not less than one and one-half times the regular rate at which he is employed' (*i.e.,* time and a half)." *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 113-14 (2d Cir. 2013) (quoting 29 U.S.C. § 207(a)(1)). To survive a motion to dismiss a FLSA overtime claim, a plaintiff "must allege sufficient factual matter to state a plausible claim that [he] worked compensable overtime in a workweek longer than 40 hours." *Id*. at 114. Thus, "a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Id*.; *see also Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013) ("To plead a plausible FLSA overtime claim, Plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week."). "Nothing more is required." *Herrera v. Comme des Garcons, Ltd.*, 84 F.4th 110, 115 (2d Cir. 2023).

3

For example, although an approximation of overtime hours "may help draw a plaintiff's claim closer to plausibility[,]" *id*. (quoting *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 88 (2d Cir. 2013)), a plaintiff who "plausibly alleges that [he] worked in excess of forty hours for multiple weeks without overtime pay" is not required "to provide a week-by-week recounting of the hours they worked." *Id*.

Applying these standards in the context of this case, the Court finds that the Complaint is sufficiently specific to state an overtime claim under FLSA. Plaintiff's allegation that he worked "approximately 45-60 hours per week" (Compl. ¶ 10) gets him "beyond forty hours in any given [work]week, and therefore to a plausible claim of overtime." *Herrera*, 84 F.4th at 115 (quoting *Dejesus*, 726 F.3d at 89); *see also id*. at 117 ("The pleading standard is satisfied, however, if plaintiffs allege that their regularly scheduled workweek for a given period of time included more than forty hours of work, so that they were eligible for overtime during every week in which they worked their regular schedule." (emphasis omitted)).

The cases cited by Defendant, all of which precede *Herrera*, are largely distinguishable.[2] For example, in *Mokrov*, the Court explained that, after accounting for scheduled meal breaks, the plaintiffs had not alleged that any scheduled work week exceeded forty hours per week. *See Mokrov v. Aeroflot Russian Airlines*, No. 20-CV-00588 (GBD), 2021 WL 2435801, at *3 (S.D.N.Y. June 15, 2021). In *Paleja*, the Court found that the plaintiff's "contention that he regularly worked

---

[2] The possible exception being *Knight*, where the Court found that the plaintiffs "did not provide specifics regarding the number of hours allegedly worked overtime during [the weeks they worked overtime]" despite allegations of specific weeks when plaintiffs worked overtime and that when plaintiffs worked overtime they worked between 7 and 20 hours over their regularly scheduled workday. *See Knight v. MTA-New York City Transit Auth.*, No. 19-CV-09960 (VSB), 2021 WL 2435577, at *3 (S.D.N.Y. June 15, 2021), *aff'd*, No. 21-1700-CV, 2022 WL 839277 (2d Cir. Mar. 22, 2022) (affirming on alternate ground without addressing sufficiency of pleadings as to length and frequency of unpaid work).

in excess of 40 hours per week, . . . amount[ed] to a conclusory assertion, without any supporting factual context that he worked some number of excess hours in some unidentified week." *Paleja v. KP NY Operations LLC*, No. 20-CV-00475 (AT) (KNF), 2021 WL 148948, at *2 (S.D.N.Y. Jan. 15, 2021), *aff'd,* No. 21-286-CV, 2022 WL 364007 (2d Cir. Feb. 8, 2022) (internal quotation marks & citations omitted). Similarly, in *Mendoza*, the plaintiff alleged that she typically would work 39 to 40 hours per week and "sometimes" worked an extra shift on weekends. *See Mendoza v. Cornell Univ.*, No. 20-CV-02110 (MKV), 2021 WL 918622, at *3 (S.D.N.Y. Mar. 10, 2021). The Court found the allegations similar to those in *Lundy* and concluded that "[a] general statement that [the plaintiff] 'sometimes' worked more than a standard workweek is not sufficient to plausibly allege that [the plaintiff] worked in excess of 40 hours a week without overtime compensation." *Id*.

Here, in contrast, Plaintiff alleges a specific time period for which he worked in excess of 40 hours in each week and was not paid overtime. (Compl. ¶¶ 8-12.) Thus, Plaintiff plausibly has alleged that he worked more than forty hours each week. *See Kuck v. Planet Home Lending, LLC*, 354 F. Supp. 3d 162, 168 (E.D.N.Y. 2018) (finding sufficient plaintiffs' allegations that they worked 50-55 hours "during every single week of their employment").

Defendant also argues that Plaintiff failed "to provide any reference to even one specific workweek." (Def.'s Mem. at 6.) However, in *Herrera*, the Second Circuit rejected a similar argument and "reiterated that the law does not require plaintiffs 'who plausibly allege that they worked in excess of forty hours for multiple weeks without overtime pay to provide a week-by-week recounting of the hours they worked.'" *DiGiovanni v. Ergoteles LLC*, No. 22-CV-09118 (PGG) (SN), 2023 WL 8716893, at *4 (S.D.N.Y. Oct. 23, 2023) (quoting *Herrera*, 84 F.4th 116) (finding allegations that plaintiff worked five days per week, that her hours varied up to 65 hours per

5

week and that defendants did not pay overtime for hours worked in excess of 40 hours per week sufficient to plausibly allege FLSA overtime claim). Accordingly, I recommend that Defendant's motion to dismiss Plaintiff's FLSA overtime claim for failure to state a claim be denied.

## II.     Timeliness

Defendant also argues that Plaintiff's claims should be dismissed as time barred. (Def.'s Mem. at 6-7.) The FLSA has a statute of limitations of two years, except if a defendant is deemed to have committed willful violations of the FLSA, a plaintiff is entitled to a three-year statute of limitations. *See* 29 U.S.C. § 255(a). "[A] plaintiff must allege facts that permit a plausible inference that the defendant willfully violated the FLSA for that exception to apply." *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 323 (2d Cir. 2021). A violation is willful if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Malcolm v. City of New York*, No. 20-CV-09641 (ALC), 2023 WL 4298869, at *2 (S.D.N.Y. June 30, 2023) (quoting *Parada v. Banco Indus. De Venez.*, 753 F.3d 62, 71 (2d Cir. 2014)).

Defendant argues that Plaintiff fails to assert any facts to support his allegation of willfulness, and therefore the two-year statue of limitations should apply, rendering Plaintiff's overtime claim time barred. (Def.'s Mem. at 7.) Plaintiff contends that he alleges a straightforward violation of FLSA that the Court can infer that the BOE was aware its conduct violated the statute based on prior lawsuits against it. (Pl.'s Opp. Mem. at 8.)

In *Whiteside*, the Second Circuit made clear that it is not enough to merely allege willfulness for the three-year exception to apply. *See Whiteside*, 995 F.3d at 323 ("We decline to adopt a rule that would allow a claim that a complaint clearly shows to be out of time, to proceed through discovery upon the insertion of a single legal conclusion—indeed, a single word—into a

complaint.") (internal citation, quotation marks and alterations omitted). Thus, although Plaintiff articulates in his opposition memorandum various reasons why the BOE should have known its alleged conduct violated the FLSA, the Complaint contains no facts to plausibly allege that the BOE's conduct was willful. It is clear from the face of the Complaint that Plaintiff's overtime claim is time-barred under the two-year statute of limitations. *See Whiteside*, 995 F.3d at 325 (affirming dismissal when pleading himself demonstrated that FLSA claim was time-barred under two-year statute of limitations). Accordingly, I recommend that the Court grant Defendant's motion to dismiss on this ground. However, because Plaintiff may be able to amend his pleading to add facts regarding willfulness, I recommend that he be granted leave to amend. *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190-91 (2d Cir. 2015) ("A plaintiff should ordinarily be given the opportunity to amend after learning from the district court in what respect the complaint is deficient.").

## CONCLUSION

For the reasons set forth above, I respectfully recommend that Defendant's motion be granted and that Plaintiff be granted leave to amend.

Dated:	New York, New York
	February 12, 2024

_____
**STEWART D. AARON**
**United States Magistrate Judge**

7

* * *

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1). Any requests for an extension of time for filing objections must be addressed to Judge Rochon.

**FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn,* 474 U.S. 140 (1985).