**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Brandon D. Sherr, individually and on behalf of others similarly situated**

**Plaintiff,**

**-against-**

**Board of Elections in the City of New York,**

**Defendant.**

**1:23-cv-08693 (SDA)**

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

This case contains one or more claims arising under the Fair Labor Standards Act. Following a settlement conference before me on February 11, 2026, the parties reached a settlement. The parties thereafter consented to have all proceedings held before me. (Consent Order, ECF No. 171.) On March 3, 2026, the Court entered an Order directing the parties to provide a copy of the settlement agreement to the Court together with a letter explaining why the settlement, including any provision for attorney's fees and costs, is fair, reasonable and adequate under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). (*See* 3/3/26 Order, ECF No. 172.)

Following several extensions and a conference with the Court on June 17, 2026 to address issues related to the settlement, the parties filed a motion for approval of the settlement on July 24, 2026. (Mot., ECF No. 189.) Having reviewed the proposed settlement, the Court finds that it is fair and reasonable, given both the nature and scope of Plaintiffs' claims as well as the risks and expenses involved in additional litigation. *See Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). Moreover, the settlement does not implicate any other *Cheeks*

concerns, such as overbroad releases or restrictive confidentiality provisions. *See Cheeks*, 796 F.3d at 206.[1]

As part of the settlement, Plaintiffs seek approval of $1,251.39 in costs and $82,916.20 in attorneys' fees, which is one-third of the settlement amount after costs, pursuant to a contingency fee agreement, for a total allocation of $84,167.59. (*See* 7/24/26 Mem., ECF No. 190, at 7; *see also* Fee Agreement, ECF No. 192-1.) "The fairness review required by *Cheeks* 'extends to the reasonableness of attorneys' fees and costs.'" *Almanzar v. Silver Star Properties Corp.*, No. 23-CV-00819 (GWG), 2023 WL 6979460, at *2 (S.D.N.Y. Oct. 24, 2023) (quoting *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 606 (2d Cir. 2020)).

The Court finds that the requested attorneys' fees are reasonable. "Courts in this Circuit routinely approve of one-third contingency fees for FLSA cases." *Garay v. Euro Metalsmith*, No. 23-CV-03451 (ARR) (JMW), 2023 WL 8435866, at *6 (E.D.N.Y. Dec. 5, 2023); *see also Vitale*, 2026 WL 1906262, at *4 (citing cases). Moreover, where there is no reason to question the reasonableness of the contingency agreement itself and the fees are "within the range of what FLSA practitioners demand in the marketplace[,]" courts have found attorneys' fees reasonable when they are "consistent with the retainer agreement agreed to by [the] plaintiff." *See Almanzar,* 2023 WL 6979460, at *3.

[1] Although the release is non-mutual, the Court finds that, under the circumstances of this case, a non-mutual limited release of wage and hour claims is fair and reasonable. *See Vitale v. City of New York*, 25-CV-01129 (MKV), 2026 WL 1906262, at *2 (S.D.N.Y. July 1, 2026) (approving non-mutual limited release of wage and hour claims brought by 2,511 sanitation workers against Department of Sanitation New York) (citing *Clarke v. City of New York*, No. 23-CV-02158 (GS), 2024 WL 2866984, at *2 (S.D.N.Y. June 5, 2024) (finding similar limited release in case involving "hundreds" of New York City park rangers to be fair and reasonable and collecting cases holding the same)).

The Court also finds the requested costs to be reasonable. Plaintiffs' attorneys seek costs of $402 in filing fees, $89.50 in service of process costs and costs for postage and supplies (*see* 7/24/26 Mem. at 7; Case Costs, ECF No. 190-1), "which are costs that are routinely recoverable in litigation[.]" *Puerto v. Happy Life Home Health Agency Inc.*, No. 23-CV-04915 (GWG), 2023 WL 8258103, at *3 (S.D.N.Y. Nov. 29, 2023) (internal quotation marks and citation omitted).

For these reasons, the Court approves the settlement. This action is dismissed with prejudice and without costs except as may be stated in the settlement agreement. The Court will retain jurisdiction to enforce the settlement agreement. The Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

Dated: New York, New York
August 6, 2026

Stewart d. Aaron
______________________________
STEWART D. AARON
United States Magistrate Judge